IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| TABITHA REGINA CAIN | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:21-cv-00039-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Tabitha Regina Cain has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Utilizing the Medical-Vocational Guidelines, the Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act. (Tr. 173-182.) Both parties have submitted briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Cain was forty-three years old at the time of the administrative hearing. (Tr. 192.) She has past work as a warehouse worker, nurse aide, and packager. (Tr. 181.)

The ALJ[1] found Ms. Cain had not engaged in substantial gainful activity since September 1, 2018 – the onset date. (Tr. 176.) She has "severe" impairments in the form of "spine disorder; osteoarthrosis; hemolytic anemia; carpal tunnel syndrome; and pituitary gland disorder." (*Id.*) The ALJ further found Ms. Cain did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 176-177.)

The ALJ determined Ms. Cain had the residual functional capacity (RFC) to perform a slightly reduced range of light work given her impairments. (Tr. 178.) Given her RFC assessment, the ALJ determined Ms. Cain could no longer perform her past work. (Tr. 181.) Utilizing the Medical-Vocational Guidelines, the ALJ determined that jobs existed in significant numbers in the national economy that Ms. Cain could perform. Because the ALJ found Ms. Cain's RFC was reduced, she further stated:

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21. However, the additional limitations have little or no effect on the occupational base of unskilled light work. A finding of "not disabled" is therefore appropriate under the framework of this rule. This finding is supported by Social Security Rulings 83-14 and 85-15, which state that a limitation to occasional stooping and crouching would not significantly erode the light occupational base.

(Tr. 182.)

Accordingly, the ALJ determined Ms. Cain was not disabled. (*Id*.) The Appeals Council received additional evidence and then denied Ms. Cain's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-167.) Ms. Cain filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to determine her vision issues, depression, and bipolar disorder are "severe" impairments. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s)*.  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities*.  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and

3

   (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1522.

  Plaintiff's argument is significant because, if the ALJ found these nonexertional impairments to be "severe," it would preclude the use of the Medical-Vocational Guidelines. While I understand the significance of the argument, I find it to be without merit.

  As the Commissioner notes, it is significant that Plaintiff did not allege any of these impairments when applying for benefits. (Tr. 441.) Moreover, the ALJ properly relied upon the Mental Diagnostic Evaluation performed by Kenneth B. Jones, Ph.D., (Tr. 933-937), stating:

> At that examination, examining psychologist Dr. Kenneth Jones noted that the claimant "does not report or display symptoms consistent with depression or anxiety. She states she does not experience adaptive functioning limitations, and is able to care for her own daily needs and manages personal finances effectively." He also noted that she was not currently being treated and that she reported she was comfortable around others, including in social situations. Dr. Jones made no diagnoses and did not find any mental limitations.

(Tr. 176.)

  With regard to her vision problems, the ALJ stated:

> The medical evidence also documents a diagnosis of contraction of visual field in the better eye. Ex. 12F. However, there is no evidence that the claimant has acquired any significant limitations from this condition. Although she complained of some blurred vision at the time of the testing, there is no other evidence of ongoing difficulties with vision or any trouble functioning due to vision loss. The undersigned therefore finds this impairment nonsevere.

(Tr. 176.)

  Norman Denton, M.D., saw Plaintiff regarding this issue. (Tr. 917-918.) He diagnosed Plaintiff with "Visual field construction of right eye" and "Visual field cut." (*Id.*) Nothing from Dr. Denton's report indicates Plaintiff would be significantly limited from either issue. I, therefore, find the ALJ's opinion to be supported by substantial evidence on this point.

Plaintiff also contends that the ALJ improperly relied upon non-examining doctors. (Doc. No. 14 at 20-24.) In addressing the RFC assessments by Dan Gardner, M.D., (Tr. 231-234), Clarence Ballard, M.D., (Tr. 268-270), Margaret Podkova, Psy.D., (Tr. 230) and Jon Etienne Mourot, Ph.D., (Tr. 266), the ALJ stated:

> The opinions of the state agency evaluating consultants are persuasive. Ex. 2A, 4A, 6A, 8A. These opinions are well aligned with the medical evidence of record as a whole, including evidence submitted after the state agency review. While the evidence documents a brief period in which the claimant had some neurological symptoms, the evidence documents that she quickly recovered, with consistent notations of normal gait and station.

(Tr. 180-181.)

While understandably Plaintiff disagrees since these doctors did not actually examine her, this evidence constitutes substantial evidence when these opinions are supported by Plaintiff's medical records. Upon careful review, I find the opinions of these doctors to be consistent with the medical records and substantial evidence upon which the ALJ could rely.

Regarding Plaintiff's argument that the ALJ failed to develop the record, (Doc. No. 14 at 24), Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Here, Plaintiff has shown neither. Accordingly, I find no error here.

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Plaintiff has simply not met her burden and the ALJ's

decision is supported by substantial evidence.

Plaintiff has advanced other arguments which I also find are without merit. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Cain's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 16th day of December 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE